425 F.2d 685
 Beatrice CARR, Administratrix of the Estate of Barbara Ann Thompson, Deceased
v.
MINERAL TRANSPORT, INC., a Pennsylvania Corporation, Jerry Thompson, Administrator of the Estate of Barbara Ann Thompson, Deceased, Appellant.
 No. 17623.
 United States Court of Appeals, Third Circuit.
 Argued March 19, 1970.
 Decided April 29, 1970.
 
 Seymour A. Sikov, Sikov & Love, Pittsburgh, Pa., (Sikov & Love, Pittsburgh, Pa., on the brief), for appellant.
 Dina G. McIntyre, Pittsburgh, Pa., (Dennis C. Harrington, Harrington, Feeney & Schweers, McIntyre & McIntyre, Pittsburgh, Pa., on the brief), for appellee.
 Before McLAUGHLIN, FREEDMAN and GIBBONS, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 On February 9, 1968, Barbara Ann Thompson was a passenger in an automobile being operated on the Pennsylvania Turnpike, Bedford County, Pennsylvania. The complaint in this cause alleges that a wheel of a tractor-trailer, owned by and operated for the defendant on said turnpike the date stated was negligently and carelessly allowed to cross over into the Thompson car lane, and collide with that automobile, causing injuries to Mrs. Thompson that resulted in her death the same month. On March 11, 1968 the deceased's mother, Beatrice Carr, was appointed administratrix of Mrs. Thompson's estate by the County Court of Kanawha County, West Virginia. Within six months of Mrs. Thompson's death, her mother as administratrix started suit against the owner-operator of the tractor-trailer for the said death. At the times of Mrs. Carr's appointment and of the filing of her action no other administrator whatsoever had been appointed. Two months after the suit had been started the present petitioner in this cause, the estranged husband of the deceased, obtained appointment as administrator of the estate of Mrs. Thompson by the Surrogate of Hudson County, New Jersey. He, since then has asked the District Court to substitute him as administrator in this cause for Mrs. Carr, alleging that the latter "does not adequately represent the real parties in interest in this action." The important real party is the six year old child of the deceased. There is evidence that Thompson had obtained custody of his daughter through a series of maneuvers which are seriously controverted. And there is evidence that the deceased, living in West Virginia with her mother, went back to work in New Jersey, where she had worked before, to obtain funds to contest the petitioner's Ohio custody suit and to obtain her own divorce from him in her home state, West Virginia. There are proofs that while in New Jersey, Mrs. Thompson returned to her West Virginia residency as often as practicable, that included her trip in February 1968, when she was on her way home and was so hurt in the above described accident that she died shortly thereafter. Other proofs in the case are to the effect that petitioner knowledgeably did not claim Mrs. Thompson's body and refused to bear any of the funeral expenses which were all taken care of by her parents. Mrs. Thompson was buried in Kanawha County from what plaintiff contends was her residence there.
 
 
 2
 We find that the District Court acted within its sound discretion in refusing to remove Mrs. Carr, the duly appointed administratrix of her daughter's estate, as plaintiff in this cause and in refusing to allow Thompson to intervene and be substituted as the party plaintiff.
 
 
 3
 The District Court as a precautionary measure ordered that petitioner's lawyers be entered as additional counsel for Mrs. Carr. The latter states that as plaintiff herein she does not need or wish more lawyers. Plaintiff is represented by most reputable, capable attorneys. We find no use or need for the necessarily further expense that would arise from retaining petitioner's counsel. That part of the District Court order is stricken. The District Court in its order also provided, regarding any monies which may be obtained by plaintiff on behalf of the Barbara Ann Thompson estate in this cause, that none of same shall be distributed without order of a member of the District Court after due and proper hearing, and notice to all concerned. We find this unobjectionable, that it outlines a course that would be substantially followed even without such order. In addition thereto we affirmatively order that no settlement be made in this case without the approval of a judge of the District Court.
 
 
 4
 With the exception of the above stated part of the District Court order which is stricken and the last sentence above which makes it mandatory that no settlement in this case be had without the approval of a judge of the District Court, the order of the District Court will be affirmed.